**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George J. SKALICKY,
Defendant-Appellant.**

No. 79–5429.

United States Court of Appeals,
Fifth Circuit.

April 24, 1980.

Dale Long, Tyler, Tex., for defendant-appellant.

Janet Hellmich, T. J. Baynham, Jr., Asst. U. S. Attys., Tyler, Tex., for plaintiff-appellee.

Before AINSWORTH and HENDERSON, Circuit Judges, and HUNTER,* District Judge.

EDWIN F. HUNTER, Jr., District Judge:

George J. Skalicky appeals from his conviction by a jury on two counts of willful

* District Judge for the Western District of Louisiana, sitting by designation.

evasion of federal income taxes.[1] The government established its case through the "net worth" approach. The procedure for this method was approved in *Holland v. United States*, 348 U.S. 121, 125, 75 S.Ct. 127, 130, 99 L.Ed. 150 (1954):

"In a typical net worth prosecution, the Government, having concluded that the taxpayer's records are inadequate as a basis for determining income tax liability, attempts to establish an 'opening net worth' or total net value of the taxpayer's assets at the beginning of a given year. It then proves increases in the taxpayer's net worth for each succeeding year during the period under examination and calculates the difference between the adjusted net values of the taxpayer's assets at the beginning and end of each of the years involved. The taxpayer's non-deductible expenditures, including living expenses, are added to these increases, and if the resulting figure for any year is substantially greater than the taxable income reported by the taxpayer for that year, the Government claims the excess represents unreported taxable income."

*See also United States v. Schafer*, 580 F.2d 774 (5th Cir. 1978); *United States v. Calles*, 482 F.2d 1155 (5th Cir. 1973); *United States v. Tunnell*, 481 F.2d 149 (5th Cir. 1973).

On appeal, Skalicky contends that the district court's action in granting a Judgment of Acquittal on the first count completely discredited the validity of the government's net worth computations; that the record contains no evidence of willfulness; and that the trial court erred in ad-

mitting into evidence certain government charts and summaries. These contentions have been earnestly and ably presented by appellant's counsel, but we are quite sure that they are totally without merit. We affirm the judgment of conviction.

The jury returned a verdict of guilty on all counts.[2] Following the trial, defendant filed a Motion for Judgment of Acquittal as to all three counts on the grounds that " * * * the Government has failed to introduce substantial evidence of an essential element in the case, this being that the Appellant owed Federal Income Tax * *" for the years 1974, 1975 and 1976 " * * * which he failed to pay." The District Judge granted the motion as to Count I and denied as to Counts II and III.[3]

■ Defendant argues that the entry of the judgment of acquittal completely discredited the government's net worth statement and the validity of its computation of the opening and closing net worth for each of the calendar years. This argument is based on several mistaken assumptions. There is absolutely nothing in the trial court's action to justify the conclusion that appellant attributes to it. Contrariwise, the denial of the motion as to Counts II and III attests to an endeavor to carefully weigh the evidence as to each count. Our inquiry is limited to a determination of whether the evidence is sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt on Counts II and III. What the judge did with the remaining count is immaterial.[4]

---

1. 26 U.S.C. § 7201, the applicable statute, provides:

   Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

2. Count I involved income tax allegedly due and owing for 1974. The 1975 tax return was the subject of Count II, and the 1976 return was the subject of Count III.

3. No reasons were assigned. The formal order entered read:

   "Came on this day to be considered Defendant's Motion for Judgment of Acquittal in the above styled and numbered cause of action and the Court is of the opinion that the motion as to
   "COUNT I is Granted,
   COUNT II is Denied,
   COUNT III is Denied,
   "SIGNED this 11th day of July, 1979.
       /s/ Robert M. Parker
       JUDGE PRESIDING"

4. The government had a right to appeal under 18 U.S.C. § 3731 from the Judgment of Acquittal on Count I. *United States v. Varkonyi*, 611

United States v. Dubea, 612 F.2d 950 (5th Cir. 1980); United States v. Varkonyi, 611 F.2d 84 (5th Cir. 1980); United States v. Michel, 588 F.2d 986 (5th Cir. 1979). A careful review of the record reveals with reasonable certainty the beginning net worth and the increases in net worth for each year in question. Those figures were clearly proven by the introduction of Chart A during the testimony of Revenue Agent Smith, which gave the computation of the defendant's net worth for 12–31–73 as $18,-769.67, for 12–31–74 as $41,761.33, for 12–31–75 as $71,738.18 and for 12–31–76 as $97,412.52. No useful purpose would be served by further recital of the testimony to demonstrate the accuracy of these calculations; it suffices to state that the evidence was more than sufficient for the jury to find beyond a reasonable doubt that substantial tax deficiencies existed for each of the three years.

Appellant can not really dispute the deficiencies in his tax returns, but argues vigorously that the government has failed to prove a willful attempt to evade payment of those taxes. He contends that willfulness cannot be inferred from the mere understatement of income but must be shown by independent proof. Whatever validity this argument might have as a single element, the record here reflects a number of facts which warrant an inference of willfulness.

Few areas of criminal law pose more difficulty than the definitions of the words "willfully attempts" in the statute. In United States v. Bishop, 1973, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941, the Supreme Court held that the term "willfully" requires more than a showing of careless disregard for the truth. In United States v. Pomponio, 1976, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12, the Court noted that proof of evil motive or bad intent was not necessary, and that willfulness in the context of the felony tax evasion statutes simply means a voluntary intentional violation of a known legal duty.

Defendant was the owner of George's Coffee Bar and a bingo parlor known as the Silver Dollar Ballroom. The use of cash was common in the two businesses, and defendant used large amounts of cash for the purchase of automobiles and gifts. The government has established that during the years of 1974, 1975 and 1976 he followed a persistent pattern of underreporting large amounts of income. His tax returns were prepared at H & R Block by Larry Wilson. Whatever information Wilson had was obtained from summary sheets furnished him by Skalicky, and what he furnished turned out to be totally erroneous. When Revenue Agent McPherson notified Skalicky that there appeared to be a substantial understatement of income on his (defendant's) tax returns, Skalicky replied, "everyone lies at times."

■ Here, the consistent pattern of understating large amounts of income, coupled with evidence of falsehood, surreptitious cash transactions and inadequate records kept by taxpayer, permits an inference of willfulness sufficient to create a jury question. Spies v. United States, 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. The requisite affirmative act can be found in the filing of false returns for each year in the indictment. United States v. Tunnell, 481 F.2d 149 (5th Cir. 1973).

## SUMMARIES

■ We reject appellant's claim that the district court's treatment of the summaries and charts unduly prejudiced his trial. In permitting the jury to utilize them the court proceeded well within the discretion accorded it under Federal Rules of Evidence, rule 1006, 28 U.S.C.A. By instructing the jury that the summaries were not evidence, however, the trial judge took one further step to insure that the jury would

---

F.2d 84 (5th Cir. 1980); United States v. Burns, 597 F.2d 939, 940 (5th Cir. 1979). By brief the United States requests that we uphold the jury convictions for all three years and "bring the defendant forward for sentencing on Count I (1974)." However, no formal appeal was entered by the United States.

not rely on the conclusory matter as independent proof of the appellant's guilt.[5]

### CONCLUSION

Because the evidence establishes with reasonable certainty the beginning net worth and the increase in net worth for each year in question, and because there was sufficient evidence from which the jury could infer the requisite element of willfulness, and because we discern no prejudicial error of any nature, we affirm the judgments of conviction on Counts II and III of the indictment.

AFFIRMED.

---

5. That the court below did not apply the rule so as to receive the summaries in evidence is understandable, in light of the conflicting case law, but prior uncertainties regarding the status of summaries are now resolved by rule 1006. *See United States v. Smyth*, 556 F.2d 1179 at 1184 (5th Cir. 1977).