**UNITED STATES of America, Petitioner-Appellee,**

v.

**John A. GARCIA, Defendant-Appellant.**

**Nos. 84–1164, 84–1173.**

United States Court of Appeals, Fifth Circuit.

June 3, 1985.

---

Michael L. Cook, Austin, Tex., for defendant-appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Sec., Robert E. Lindsay, Tax Div., Dept. of Justice, Alan Hechtkopf, Washington, D.C., for petitioner-appellee.

Before RUBIN and HILL, Circuit Judges, and HINOJOSA,* District Judge.

---

* District Judge of the Southern District of Texas, sitting by designation.

HINOJOSA, District Judge:

Appellant Dr. John A. Garcia, a practicing physician in Austin, Texas, was indicted by a federal grand jury on two counts of willfully and knowingly making and subscribing false federal income tax returns in violation of 26 U.S.C. § 7206(1). The indictment alleged that he had reported deductions for several items in 1975 and 1976 when he well knew and believed he had incurred substantially smaller deductions. The charges arose from deductions Appellant claimed on his 1975 and 1976 federal income tax returns for auto rental and leasing, travel, hotel, airline, telephone and exchange expenses, insurance, and the loss on a court-ordered sale of real estate. A jury subsequently convicted Appellant on both counts.

Appellant now appeals his conviction on three grounds: (1) that the district court incorrectly instructed the jury on the meaning of the term "willfully;" (2) that the evidence was insufficient to support the jury's verdict; and (3) that Garcia was denied effective assistance of counsel. Finding no merit in Appellant's contentions, we affirm.

## I. Jury Instructions

■ Proof that a Defendant acted willfully is an essential element of the crime of filing a false income tax return in violation of 26 U.S.C. § 7206(1). Appellant first argues that the district court erred in instructing the jury on willfulness. The court gave the following charge:

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. Mere negligence, even gross negligence, is not sufficient to establish willfulness.

If a person in good faith believes that an income tax return, as prepared by him, truthfully reports the taxable income and allowable deductions of the taxpayer under the internal revenue laws, he cannot be guilty of "willfully" making or subscribing a false or fraudulent return.

Appellant contends that the court's instruction was incomplete since it did not clearly require that the Defendant have knowledge of the particular law allegedly violated. Thus, Appellant claims, the court's failure to give his requested jury charge on specific intent is reversible error.[1]

In approving an instruction on willfulness under § 7206(1) that was virtually identical to the one given by the court in the instant case, the Supreme Court held in *United States v. Pomponio* that "willfulness in this context simply means a voluntary, intentional violation of a known legal duty." 429 U.S. 10, 12, 97 S.Ct. 22, 24, 50 L.Ed.2d 12 (1976). In addition to its instruction on willfulness, the district court here also instructed the jury that good faith was a defense to the crime charged. *See United States v. Burton*, 737 F.2d 439, 441–42 (5th Cir.1984).[2] Accordingly, the jury was clearly informed on Garcia's theory that he did not know his conduct was unlawful. *See United States v. Gray*, 751 F.2d 733, 735–37 (5th Cir.1985); *United States v. Fooladi*, 746 F.2d 1027, 1030–32 (5th Cir.1984).

■ We hold that the district court's instructions amply informed the jury on the issue of willfulness. Since the court's instructions adequately define the term "will-

---

1. Appellant requested the court to deliver the following instruction:

   The law does require proof of specific intent before the defendant can be convicted. Now, "specific intent" means more than general intent to commit the act; to establish specific intent the Government must prove, beyond a reasonable doubt, that Defendant knowingly did an act which the law forbids, purposefully intending to violate the law and knowing that such act would violate the law. Such intent may be determined by you from all the evidence which has been submitted in this case.

2. We note that under *Pomponio* the district court was not required to instruct the jury on good faith. 429 U.S. at 13, 97 S.Ct. at 24.

fully," Appellant's requested jury instruction on specific intent was "substantially covered by others delivered," and, therefore, the court's refusal to give it was not error. *United States v. Milstead,* 671 F.2d 950, 952 (5th Cir.1982).

Appellant also claims that the lower court confused the jury and negated its prior instructions with an instruction that tax protesting was not a defense. The court gave the following charge on this issue:

> You may not treat the defendant's beliefs regarding income tax laws as a possible negation of criminal intent in regard to the filing of tax returns containing false deductions. The defendant's motivation in this case, even if he held a sincere belief that he was acting in good cause, is not an acceptable legal defense or justification. It is the duty of all citizens to obey the law whether they agree with it or not.

Appellant contends that this charge did not fully explain that he must have had specific knowledge that he was violating the law.

■ Some evidence introduced at trial suggested that Appellant was a tax protestor. For example, a former IRS agent testified that Appellant told him that he did not agree with the tax laws and that although he might go to jail for his actions, he was a one-man demonstration. A violation of the tax laws as a protest against the government is willful conduct which is, of course, no defense to a violation of § 7206(1). *See United States v. Burton,* 737 F.2d at 442. Taking the court's charge as a whole and placing it in the context of the trial, as we must in accordance with the familiar standard recently articulated in *United States v. Frady,* 456 U.S. 152, 169, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982), it is clear that the court's charge was proper in that it correctly stated the legal standard with respect to tax protestors and it did not negate the court's instruction that the Defendant must be found to have acted willfully.

## II. Sufficiency of the Evidence

Appellant next contends that the evidence was not sufficient to allow a jury to find beyond a reasonable doubt that he willfully filed a false tax return in 1975 and 1976 as alleged in Counts 1 and 2, respectively, of the indictment. We do not understand Appellant to argue that the deductions in question were proper. Nor could he. The record clearly establishes that the Appellant improperly claimed personal expenses as business deductions in 1975 and 1976. Rather, Appellant's argument is that the evidence presented at trial showed only that he and the Government have differing interpretations of the tax laws. Therefore, in Appellant's view, he could not be convicted of willfully filing a false tax return.

The standard of review for a challenge to the sufficiency of the evidence is whether a jury could reasonably find that the evidence establishes guilt beyond a reasonable doubt. *United States v. Aguirre Aguirre,* 716 F.2d 293, 297 (5th Cir.1983). It is the sole province of the jury to weigh the evidence and the credibility of the witnesses, and, accordingly, our role is limited to asking whether there is substantial evidence in the record to support the jury's findings. *United States v. Davis,* 752 F.2d 963, 968–69 (5th Cir.1985). In making that determination, "this court must view the evidence and all reasonable inferences which may be drawn therefrom, in the light most favorable to the Government." *United States v. Aguirre Aguirre,* 716 F.2d at 297 (citing *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942)).

■ Under the applicable standard, the record reveals ample, if not overwhelming, evidence from which the jury could have found beyond a reasonable doubt that the Appellant willfully filed a false tax return in both 1975 and 1976. For example, the record reveals that Garcia had been repeatedly advised by IRS agents that he could not deduct personal, non-business expenditures of the type alleged in both counts of the indictment on his income tax returns. Garcia's deductions for personal

expenses in prior years had been repeatedly disallowed by the IRS, resulting in assessments of additional taxes and several civil judgments to collect these assessments. In addition, Garcia had several years of legal training at the University of Texas Law School, including a course on federal taxation. While the record reveals much more, this evidence, combined with the statements attributed to Garcia that he did not agree with the tax laws, leads us to conclude that there is more than substantial evidence to support the jury's verdict.

### III. Ineffectiveness of Counsel

Finally, Appellant argues that his appointed trial attorney ineffectively represented him, thus denying him his constitutional right to effective assistance of counsel. The basis for this contention is that counsel failed to call Appellant to testify. Appellant reasons that his own testimony was crucial to his defense since it was the only means of challenging the Government's evidence concerning his state of mind.

The Supreme Court has recently articulated the two showings a Defendant must make before a conviction will be reversed for ineffective assistance of counsel: (1) that defense counsel's performance was deficient and (2) that this deficient performance was prejudicial to the defense. *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.* A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* 104 S.Ct. at 2065–66.

Applying this standard, it is clear that Appellant fails to make even the first showing of deficient performance simply because he was not called to the stand. Given Appellant's repeated confrontations with the IRS, it was certainly reasonable for defense counsel to conclude that Appellant's testimony may have done more harm than good. As this Court has noted, the

decision whether to put a Defendant on the stand is a "judgment call" which should not easily be condemned with the benefit of hindsight. *Hollenbeck v. Estelle,* 672 F.2d 451, 454 (5th Cir.1982). In addition, we find nothing in the record to indicate that Appellant's trial counsel performed deficiently in any other respect.

For the above reasons, the judgment of the district court is AFFIRMED.