**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bob R. HUGHES, Defendant-Appellant.**

No. 84–1994.

United States Court of Appeals,
Fifth Circuit.

July 12, 1985.

Rehearing and Rehearing En Banc
Denied Aug. 29, 1985.

---

Jack Bryant and Ross Adair, Abilene, Tex., for defendant-appellant.

Marvin Collins, U.S. Atty., and Clinton E. Averitte, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before RUBIN and REAVLEY, Circuit Judges, and DUPLANTIER *, District Judge.

ALVIN B. RUBIN, Circuit Judge:

Taxpayer, convicted of two counts of willfully attempting to evade income tax, in violation of 26 U.S.C. § 7201, seeks reversal of his conviction on three grounds: the evidence introduced by the government at trial was insufficient to show willfulness on his part, particularly because the indictment alleged that he well knew the amount of his adjusted gross income, but the government did not prove this fact; in charging the jury, the district court improperly defined the elements of the offense; and the district court, in its charge to the jury, incorrectly defined the term "willfully." Finding no merit in any of these contentions, we affirm the conviction.

* District Judge of the Eastern District of Louisi-    ana, sitting by designation.

Bob R. Hughes was indicted for willfully attempting to evade income tax by filing false income tax returns for the years 1978 and 1979.[1] In essence, Count 1 of the indictment charged that, for the year of 1978, Hughes and his wife "did willfully and knowingly attempt to evade ... a large part of income tax due ... by preparing and causing to be prepared ... a false and fraudulent U.S. Individual Income Tax Return on behalf of the said defendants, ... wherein it was stated that" their joint adjusted gross income was $3,584 and that they owed tax of $310 on that sum, "whereas ... [they] then and there well knew" that "their joint adjusted gross income for the said calendar was in an amount in excess of the sum of $63,000," upon which the tax due was in excess of $6,700. Count 2 also charged that, for the year of 1979, Hughes and his wife "did willfully and knowingly attempt to evade ... a large part of the income tax due" and alleged that their joint 1979 return shows a joint adjusted gross income of $5,688 and a tax of $324 when the Hughes knew that the joint income was in excess of $102,000, upon which the tax due was in excess of $26,000. A jury acquitted Mrs. Hughes, but found Mr. Hughes guilty of tax evasion, after which the trial judge sentenced him to three years imprisonment on each count, with the sentences to run concurrently.

Hughes contends that the government's evidence was insufficient to support the jury's finding that he willfully attempted to evade the income tax due, because the government introduced no evidence that he acted with specific intent to defraud the government. He also contends that the government had a "higher burden of proof than is found in the typical tax evasion case" because the indictment stated that he knew his approximate income for the years in question. Because the government purportedly presented no evidence to show that he knew the amount of his adjusted gross income or that the tax owing on it exceeded the amount he paid, Hughes asks us to reverse his conviction.

■ We may reverse Hughes' conviction on the ground of insufficient evidence only if "a reasonably minded jury must necessarily have entertained a reasonable doubt of the defendant's guilt."[2] Moreover, we "must view the evidence and all reasonable inferences which may be drawn therefrom, in the light most favorable to the government."[3]

■ In order to prove "willfulness" under 26 U.S.C. § 7201, the government must adduce evidence showing that the defendant committed "a voluntary intentional violation of a known legal duty."[4] The government may rely on such circumstantial evidence as "a consistent pattern of understating large amounts of income, coupled with evidence of falsehood, surreptitious cash transactions and inadequate records kept by taxpayer,"[5] substantial un-

1. 26 U.S.C. § 7201 reads:
   Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,-000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

2. *United States v. Swaim*, 757 F.2d 1530, 1534 (5th Cir.1985) (quoting *United States v. Lorence*, 706 F.2d 512, 518 (5th Cir.1983)); *see also United States v. Del Aguila-Reyes*, 722 F.2d 155, 157 (5th Cir.1983).

3. *United States v. Lorence*, 706 F.2d 512, 518 (5th Cir.1983) (citing *Glasser v. United States*,

315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed.2d 680 (1942)).

4. *United States v. Skalicky*, 615 F.2d 1117, 1120 (5th Cir.), *cert. denied*, 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980); *see United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 24, 50 L.Ed.2d 12, 15 (1976); *United States v. Bishop*, 412 U.S. 346, 355–56, 93 S.Ct. 2008, 2015, 36 L.Ed.2d 941, 948–949 (1973); *Sansone v. United States*, 380 U.S. 343, 353, 85 S.Ct. 1004, 1011, 13 L.Ed.2d 882 (1965); *Spies v. United States*, 317 U.S. 492, 498–99, 63 S.Ct. 364, 368, 87 L.Ed. 418, 422–423 (1943).

5. *United States v. Skalicky*, 615 F.2d 1117, 1120 (5th Cir.), *cert. denied*, 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980) (citing *Spies v. United*

derstatement of taxable income and tax liability for the years in question,[6] the withholding of material information from the taxpayer's bookkeepers by giving them only summary sheets of the records in question,[7] and the expenditure of large amounts of cash that cannot be reconciled with the amount of income reported.[8] Such evidence permits an inference of willfulness sufficient to create a jury question.[9]

■ The evidence presented by the government was sufficient to create an inference of willfulness and to support the jury's conclusion that Hughes knew he was under a duty to pay additional tax and intentionally and voluntarily violated that duty. At trial, the government's evidence, viewed most favorably to it, showed that Hughes and his wife had an unreported income of $60,625.07 for 1978 and $119,898.53 for 1979, and that, for 1978, Hughes owed $7,921.77 more than the tax he had originally reported. It also showed that, during 1978, Hughes and his wife purchased capital assets worth $44,505.48 and that, during 1979, they purchased capital assets worth $97,314.96. The price of each of the numerous purchases was paid in full at the time of the transaction, frequently in cash. The person who prepared the Hughes' tax returns for 1978 and 1979 testified that she used only Hughes' summary lists containing income and expense figures, but that no other books or records were made available to her. She also testified, on cross-examination, that she reviewed the entire tax return for 1978 with Hughes. The government's showing of a substantial amount of unreported income over two consecutive years, Hughes' failure to furnish the tax preparer with accurate books and records, and Hughes' pur-

chase of substantial assets during those years created an inference of willfulness sufficient to create a jury question, and is sufficient to support the finding that Hughes voluntarily and intentionally violated his known legal duty to pay additional taxes.

Despite this evidence, Hughes alleges that the government was required to meet a "higher burden of proof" because the indictment stated that Mr. and Mrs. Hughes "well knew" that, in 1978, their adjusted gross income was in excess of $63,000, upon which tax in excess of $6,700 was due, and that, in 1979, they "well knew" that their adjusted gross income was in excess of $102,000, upon which tax in excess of $26,000 was due. Hughes argues that his conviction should be reversed because the government introduced no evidence to indicate that he knew the amount of his adjusted gross income or the tax owed thereon, as alleged in the indictment.

■ While the indictment charged Hughes with the essential elements of willfully attempting to evade income tax, it went further than necessary by charging that Hughes knew his actual adjusted gross income in the years in question. To sustain a conviction for the felony of willful tax evasion, the government must establish beyond a reasonable doubt that the defendant acted willfully and knowingly to evade his income tax obligation.[10] The government also must establish the existence of a tax deficiency and an affirmative act constituting evasion or attempted evasion of the tax due.[11] "The requisite affirmative act can be found in the filing of false tax returns for each year in the indict-

*States,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943)).

6. See *United States v. Daniels,* 617 F.2d 146, 149 (5th Cir.1980).

7. See *id.*

8. *Id.* at 150.

9. See *Spies v. United States,* 317 U.S. 492, 500, 63 S.Ct. 364, 368, 87 L.Ed. 418, 423 (1943); *United States v. Daniels,* 617 F.2d 146, 149 (5th Cir. 1980).

10. *United States v. Daniels,* 617 F.2d 146, 148 (5th Cir.1980) (footnote omitted).

11. *Id.* at 148 n. 3.

ment." [12] "The government need not prove the exact income alleged in the indictment nor evasion of the entire tax charged, so long as it is shown that a substantial portion of tax was evaded." [13] The requisite willful intent is shown, moreover, if the government proves that the defendant "knew that he should have reported more income than he did." [14]

The charge in the indictment that Hughes knew his income asserted a fact that was not one of the elements of the offense. As such it was redundant, and properly characterized as mere surplusage. The court might have withdrawn that part of the indictment from jury consideration.[15] Rule 7(d), Federal Rules of Criminal Procedure, would have permitted the court, on the defendant's motion, to strike those parts of each charge, but this remedy is provided for the defendant's protection. If, for example, the government asserts irrelevant or immaterial facts, particularly those that might prejudice the jury, the defendant may compel their deletion.[16] If, however, such irrelevant facts are alleged and not challenged, the government is not required to prove them in order to sustain a conviction. As we stated in *United States v. England*, "the Government need not prove all facts charged in the indictment as long as it proves other facts charged in the indictment which do satisfy the essential elements of the crime." [17] In this case, just as in *England*, the indictment correctly charged the defendant with committing all of the essential elements of the crime, and the government proved these elements at trial. "The passage in the indictment relied upon by appellant was mere surplusage." [18]

Hughes' second and third contentions attack the form and the substance of the trial court's charge to the jury. He first argues that the trial judge incorrectly defined the elements of the crime because he listed two elements rather than three. He then argues that the judge incorrectly defined "willfulness."

The district court charged the jury that, in order to prove the offense, the government must prove both of the following elements beyond a reasonable doubt:

*First:* That substantial income tax was due and owing from the Defendant in addition to that declared in his tax return; and

*Second:* That the Defendant knowingly and willfully attempted to evade or defeat such tax.

The court did not separately state that willfulness was an element of the offense. The second paragraph of the charge, however, included the instruction that it must be shown that the defendant "willfully" attempted to evade or defeat the tax. In addition, the court elaborated on what was meant by willfulness:

The word "willfully", as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with the

**12.** *United States v. Tunnell,* 481 F.2d 149, 152 (5th Cir.1973), *cert. denied,* 415 U.S. 948, 94 S.Ct. 1469, 39 L.Ed.2d 563 (1974).

**13.** *United States v. Parr,* 509 F.2d 1381, 1385–86 (5th Cir.1975) (footnotes omitted).

**14.** *Sansone v. United States,* 380 U.S. 343, 353, 85 S.Ct. 1004, 1011, 13 L.Ed.2d 882, 889 (1965); *see also United States v. Bishop,* 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941, 951 (1973).

**15.** *See Salinger v. United States,* 272 U.S. 542, 548–49, 47 S.Ct. 173, 175, 71 L.Ed. 398 (1926); *see also* 1 C. Wright, Federal Practice and Proce-

dure (Criminal) § 127 at 422 (1980) (and cases cited therein).

**16.** *See* 1 C. Wright, Federal Practice and Procedure (Criminal) § 127, at 425–26 (1980).

**17.** 480 F.2d 1266, 1269 (5th Cir.), *cert. denied,* 414 U.S. 1041, 94 S.Ct. 543, 38 L.Ed.2d 332 (1973).

**18.** *Id.; see also United States v. Goodman,* 605 F.2d 870, 886–87 (5th Cir.1979); *United States v. Buchanan,* 544 F.2d 1322, 1324 n. 2 (5th Cir.), *cert. denied,* 432 U.S. 907, 97 S.Ct. 2953, 53 L.Ed.2d 1080 (1977).

purpose either to disobey or disregard the law.

The court also charged the jury that "knowingly" "means that the act was done voluntarily and intentionally and not because of mistake or accident." Not only did the charge track language recently approved by this circuit [19] and by the Eleventh Circuit,[20] but it appears to us to be patently correct.

■ The rest of Hughes' argument is more semantic than substantive. Whether the court listed the elements of the offense as being two or three, and whether it singled out willfulness as a separate element or as a part of another element, is immaterial. What is essential is that the court make clear that willfulness must be proved beyond reasonable doubt. This the court did.

■ Hughes' final objection that, in defining the term "willfulness", the court gave a standard instruction on willfulness and not the kind of specific intent instruction that should be given in a tax evasion case also lacks merit. As noted above, this circuit recently approved substantially the same definition of "willfulness," [21] albeit in the context of 26 U.S.C. § 7206(1). As we there noted,[22] the instruction is virtually identical to the instruction approved by the Supreme Court in *United States v. Pomponio*.[23] Because the definition of "willfulness" given to the jury in this case makes sufficiently clear that the government was required to prove that Hughes committed an "intentional violation of a known legal duty," [24] these exact words not being talismanic, we find no error in the trial court's definition of "willfulness" under 26 U.S.C. § 7201.

For these reasons, the judgment is AFFIRMED.

---

19. *See United States v. Garcia*, 762 F.2d 1222, 1224 (5th Cir.1985).

20. *See United States v. Stone*, 702 F.2d 1333, 1338 (11th Cir.1983).

21. *See United States v. Garcia*, 762 F.2d 1222, 1224–1225 (5th Cir.1985).

22. *See id.* at 1224.

23. *See* 429 U.S. 10, 11, 97 S.Ct. 22, 23, 50 L.Ed.2d 12, 15 (1976).

24. *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12, 15 (1976).