Jesse Avila VALLES,
Petitioner-Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 87–1395
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1988.

Jesse Avila Valles, pro se.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Jesse Avila Valles appeals the rejection of his 28 U.S.C. § 2254 petition for relief from his conviction for first degree murder. Finding no merit in any contention raised on appeal, we affirm.

### Background

Luis Barragan, the unarmed aggressor in a barroom brawl, was fatally wounded by a knife wielded by Valles. Valles was convicted by a jury and sentenced to 45 years imprisonment. His conviction was affirmed on appeal and collateral relief was denied. His federal habeas petition was referred to a magistrate who reviewed the state record, affidavits filed by Valles, and pleadings by the state, and recommended entry of a summary judgment rejecting his habeas application. The district court adopted the magistrate's recommendation and Valles appeals, contending that: (1) the transcript of his state trial was fraudulent, thus denying him a fair appeal; (2) the prosecutor used perjured testimony; (3) the trial court erred in charging the jury; (4) the evidence was insufficient to sustain the conviction; and (5) he was denied effective assistance of counsel.

### Analysis

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Bordelon v. Block,* 810 F.2d 468 (5th Cir.1986). In an appeal of a summary judgment, we resolve any factual uncertainty and draw all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); *Honore v. Douglas,* 833 F.2d 565 (5th Cir.1987). Doing so we find no genuine issue of material fact foreclosing summary judgment. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218 (5th Cir.1986).

1. *The trial transcript.*

Valles contends that the trial transcript fraudulently records the testimony, offering affidavits of his sister and aunt suggesting that certain statements in the record were not made at trial. The statement of facts was authenticated by the official court reporter, certified by the district clerk, and approved by the state's attorney and Valles's counsel. The variances suggested in the two affidavits, which are verbatim except that the aunt refers to Valles as her nephew and the sister refers to him as her brother, do not establish a disputed material fact which would foreclose the use of the summary judgment procedure. *Professional Managers, Inc.*

2. *Perjured testimony.*

Valles maintains that discrepancies in certain testimony alone establishes that the prosecutor knowingly used perjured testimony. Valles misperceives the burden placed on one who would secure habeas relief on this ground. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972). The party challenging must prove knowing use of perjured testimony. Valles's pleadings and proof do not acquit that burden.

3. *Jury instruction.*

Valles next complains that the trial court erred by failing to instruct the jury on voluntary manslaughter, self-defense and defense of a third person.

In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue. *Alexander v. McCotter,* 775 F.2d 595 (5th Cir.1985). Under Texas law, self-defense and defense of another may be offered as a defense to murder if the defendant reasonably believes that fatal force is necessary. Texas Penal Code Ann. §§ 9.31–9.33 (Vernon 1974). In its unpublished affirming opinion the Texas Court of Appeal concluded that the evidence was insufficient to support instructions on self-defense or defense of a third person. *Valles v. Texas,* slip op. 08–81–

00058–CR (June 23, 1982). We defer to the state court in its interpretation of its law, and must accept same, for "[i]t is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law," *Moreno v. Estelle,* 717 F.2d 171, 179 (5th Cir.1983), unless that interpretation violates the Constitution. We perceive no such breach of the Constitution here.

### 4. *Insufficient evidence.*

A challenge to the sufficiency of the evidence in an application for a writ of habeas corpus must fail if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Alexander v. McCotter,* 775 F.2d at 597 (*quoting Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)) (emphasis in original). The elements of murder under the Texas Penal Code Section 19.02(a)(1) are that the defendant: (1) intentionally or knowingly (2) caused (3) the death of an individual.

■ Trial testimony established that Valles had stated that he would become involved if a fight broke out with Barragan, that Valles did join that fight, and that Valles, the only person who used a weapon in the fight, fatally stabbed Barragan. Despite inconsistencies in the testimony of some prosecution witnesses, and telling impeachment of one key witness, the record contains sufficient evidence for a jury to find the essential elements of murder beyond a reasonable doubt.

### 5. *Ineffective assistance of counsel.*

■ Finally, Valles contends that he was denied effective assistance of counsel, complaining of counsel's performance at trial and on appeal, ranging from failure to subpoena a witness to failure to obtain a correct copy of the transcript for appeal. We have examined each complaint and find that individually and collectively they fail to comply with the demanding requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the Supreme Court's teachings we are to be highly deferential to counsel's trial tactics and decisions, avoiding the distorting effects of hindsight, and granting relief on this basis only if the demonstrated failings of counsel are sufficient to undermine our confidence in the outcome of the trial.

■ We are not persuaded that defense counsel performed in a constitutionally inadequate manner by failing to call a witness, *Schwander v. Blackburn,* 750 F.2d 494 (5th Cir.1985), advising Valles not to take the stand, *United States v. Garcia,* 762 F.2d 1222 (5th Cir.1985), withdrawing a motion for change of venue, failing to advocate certain *pro se* motions filed by Valles, and advising Valles to proceed to trial without delay and thus avoid possible reindictment for the addition of charges of prior convictions which the prosecutor had discovered after the indictment. *Hardwick v. Doolittle,* 558 F.2d 292 (5th Cir.1977). Nor do we find any other valid basis for concluding that trial counsel's performance was professionally deficient.

The judgment of the district court is AFFIRMED.