51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin Morris MITCHELSON, Defendant-Appellant.
 No. 93-50279.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1995.
Decided March 29, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The parties are familiar with the facts of the case; we shall not recite them here. The district court did not err in admitting evidence of Mitchelson's extravagant spending, his debts, or his tax history. Nor did it err in refusing Mitchelson's proffered jury instructions on the definition of willfulness as it pertained to his charged offense. Further, the district court avoided any possible double jeopardy problems by sentencing Mitchelson to concurrent sentences on both the pre- and post-guideline counts of his conviction. Finally, the court had sufficient evidence before it in the record that Mitchelson may be able to pay the $2.1 million ordered in the future to justify its restitution order. We therefore affirm both the conviction and the sentence.
 
 
 4
 I. EVIDENCE OF MITCHELSON'S DEBTS, SPENDING HABITS AND TAX HISTORY.
 
 
 5
 We review evidentiary rulings for abuse of discretion. United States v. Blaylock, 20 F.3d 1458, 1462 (9th Cir.1994). In its case-in-chief, and again on cross-examination during Mitchelson's defense, the government introduced evidence concerning Mitchelson's expenditures and his tax history. Mitchelson argues that none of this evidence is relevant in the first place, and that in any case Fed.R.Evid. 404(b) should have barred all of it. Mitchelson is incorrect.
 
 
 6
 Rule 404(b) prohibits evidence of other acts "to prove the character of a person in order to show action in conformity therewith." The rule does allow "other act" evidence for alternate purposes, such as proving motive, intent, or absence of mistake. Rule 404(b) is a rule of "inclusion which admits evidence of other crimes or acts relevant to an issue on trial, except where it tends to prove only criminal disposition." United States v. Bradshaw, 690 F.2d 704, 708 (9th Cir.1982), cert. denied, 463 U.S. 1210 (1983).
 
 
 7
 The district court was within its discretion when it found that the challenged items of evidence served at least one of these three purposes. Each instance of Mitchelson's lavish spending is relevant to proving motive at least, and perhaps willfulness directly. "Evidence that tends to show that a defendant is living beyond his means is of probative value in a case involving a crime resulting in financial gain." United States v. Feldman, 788 F.2d 544, 557 (9th Cir.1986) (quoting United States v. Saniti, 604 F.2d 603, 604 (9th Cir.) (per curiam), cert. denied, 444 U.S. 969 (1979)). See also United States v. Hughes, 766 F.2d 875, 878 (5th Cir.1985) (evidence of large expenditures admissible to show motive to commit tax fraud).
 
 
 8
 Similarly, any evidence of Mitchelson's financial difficulties was probative of his motive to make a false return. United States v. Feldman, 788 F.2d 544, 557 (9th Cir.1986) (evidence of debts admissible to show motive to commit bank robbery); United States v. Tierney, 424 F.2d 643, 646 (9th Cir.), cert. denied, 400 U.S. 850 (1970) (evidence of failing business admissible to show motive to sell counterfeit money). The government here asked jurors to infer that one who is in sudden, immediate and desperate need of money is more likely motivated to commit a crime, such as fraudulently understating his income to retain that money, than one who has no such need. That inference is not implausible.
 
 
 9
 Evidentiary items relating to Mitchelson's tax history are admissible either to show his intent or to prove absence of mistake. Mitchelson's consistent failure to file timely returns or to pay taxes due, and the resultant tax liens imposed upon him, all make it more likely that the charged conduct was not an inadvertent lapse, but was the result of a deliberate and conscious choice to avoid paying taxes. United States v. Snow, 529 F.2d 224, 226 (9th Cir.1976) (prior failures to file returns admissible to show willfulness in tax fraud case).
 
 
 10
 Nor is the probative value of the challenged evidence substantially outweighed by the danger of unfair prejudice. Although the evidence, taken without any limiting instruction, would certainly be prejudicial, the test is whether it is substantially more unfairly prejudicial to the defendant than it is probative of an element of the charged offense. United States v. Layton, 855 F.2d 1388, 1402 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989). The evidence in question is highly probative of Mitchelson's motive and willfulness, and so erects a high barrier to exclusion. The district court minimized any unfair prejudice to Mitchelson with limiting jury instructions, see Huddleston v. United States, 485 U.S. 681, 619-92 (1988), which instructions the jury is presumed to follow. United States v. Restrepo, 884 F.2d 1294, 1296-97 (9th Cir.1989).
 
 
 11
 II. THE DISTRICT COURT'S REFUSAL OF MITCHELSON'S PROFFERED JURY INSTRUCTION.
 
 
 12
 The Circuit has yet to resolve whether a district court's denial of a defendant's proposed jury instruction is reviewed de novo or for abuse of discretion. See United States v. Dinkane, 17 F.3d 1192, 1200 (9th Cir.1994) (noting conflict and applying abuse of discretion standard); United States v. Reese, 2 F.3d 870, 883 (9th Cir.1993) (applying de novo standard). Even under the stricter de novo standard, however, the district court did not err in refusing Mitchelson's proposed instruction on willfulness.
 
 
 13
 After instructing the jury that, in order to convict Mitchelson, they must find that he acted willfully in filing a false return, the district court went on to define willfulness as "the voluntary and intentional violation of a legal duty." Mitchelson proposed, and the district court rejected, an additional instruction to the effect that "negligent conduct is not sufficient to constitute willfulness."
 
 
 14
 The court's instruction is a correct statement of the law, and is in fact taken from the Supreme Court's definition of willfulness in United States v. Pomponio, 429 U.S. 10, 12 (1976). We do not accept Mitchelson's argument that the court's instruction on willfulness did not make sufficiently clear that a finding of negligence would preclude a finding of willfulness on his part, and that a separate instruction was required.
 
 
 15
 Mitchelson presented evidence at trial that LeRoy's negligence, or good faith but mistaken belief that he had reported all of Mitchelson's income on the return, was the cause of the false return. If the jury believed this evidence, they could not find that Mitchelson willfully made a false return. Because Mitchelson was free to present this and other evidence supporting his theory of defense, no additional instruction was necessary. The district court did not commit reversible error in selecting only the instructions that it did.[1]
 
 
 16
 III. AGGREGATION OF LOSSES RESULTING FROM PRE-GUIDELINE AND POST-GUIDELINE COUNTS AND POSSIBLE DOUBLE-JEOPARDY EFFECTS?
 
 
 17
 We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994).
 
 
 18
 Mitchelson complains that in calculating his sentence, the court double-counted the amount of loss attributable to the income he concealed in 1983 and 1984. The court considered that loss in determining his pre-Guideline sentence on counts one and two. Mitchelson points out that the court then considered that same loss again, pursuant to section 3D1.2(d) of the Guidelines, in determining the aggregate loss in all four related offenses while calculating his sentences for counts three and four.
 
 
 19
 Mitchelson may be correct that the district court double-counted the losses resultant from counts one and two. The court avoided any consequential double-jeopardy problem, however, by ordering that Mitchelson's sentences run concurrently. This court has identified the use of concurrent sentences as one of two ways to escape the double-counting problem when imposing pre- and post-guideline sentences together. United States v. Mullins, 992 F.2d 1472, 1479 (9th Cir.), cert. denied, 113 S.Ct. 2997 (1993); United States v. Niven, 952 F.2d 289, 293-94 (9th Cir.1991).
 
 
 20
 Mitchelson argues that the court's calculation method still violated the Double-Jeopardy Clause because, if the court had employed the other sentencing method approved by Niven, he would have received a shorter sentence. Whether or not Mitchelson's assertion is true, Niven leaves to the district court's discretion the choice between its alternative calculation methods. Niven, 952 F.2d at 294. The district court thus did not err in determining Mitchelson's sentence.
 
 
 21
 IV. THE RESTITUTION ORDER.
 
 
 22
 We review restitution orders and the factual findings underlying them for abuse of discretion. United States v. Woodley, 9 F.3d 774, 780 (9th Cir.1993). A defendant's present indigence need not preclude an order of restitution. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied 112 S.Ct. 1515 (1992). The district court's restitution order against Mitchelson is within its discretion if there exists in the record "some evidence that [Mitchelson] may be able to pay [ ] the amount ordered in the future." United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993). The rule takes into account the fact that the defendant's financial status can and often does change. United States v. Jackson, 982 F.2d 1279, 1284 (9th Cir.1992).
 
 
 23
 The district court considered evidence in the record that Mitchelson had the potential to collect one outstanding fee of over $7 million. The court also pointed to testimony that Mitchelson had the potential to sell book and movie rights to his noteworthy legal career and life. In light of this evidence, the district court did not abuse its discretion in ordering restitution in the amount of $2.16 million.
 
 CONCLUSION
 
 24
 The judgment of the district court is, in all respects,
 
 
 25
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We recognize the error on page 5880 of the reporter's transcript, where the reporter's omission of the word "not" in recording jury instruction 16 controverts the meaning of the actual instruction given. Our decision relies in no part on either the transcript error or on the affected paragraph on page 26 of the government's response brief