IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60691
Summary Calendar
_____

CHARLES DARREN BARNETT,

Petitioner-Appellant,

versus

RAYMOND ROBERTS, Superintendent,
Mississippi State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:91-CV-127-D-A
- - - - - - - - - -
August 6, 1996

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:*

Charles Darren Barnett, # 67734, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Barnett argues that the trial court erred in refusing to grant his requested jury instruction D-17 on manslaughter. "In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional

_____

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

issue." Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988). Barnett argues that the trial court erred in giving jury instruction S-3 and in failing to give his requested instruction D-4 regarding self-defense. The giving of instruction S-3 did not result in a violation of due process. Sullivan v. Blackburn, 804 F.2d 885, 887 (5th Cir. 1986), cert. denied, 481 U.S. 1019 (1987). Barnett makes his argument regarding instruction D-4 for the first time on appeal. Barnett has not shown plain error affecting his substantial rights from the trial court's failure to give this instruction. Douglass v. United States Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Barnett argues that the state trial court erred in refusing to allow James Barnett, his brother, testify concerning his knowledge of Barnett's mental retardation, epileptic condition, and taking of the drug Dilantin, and the effects of such upon his behavior. There was no error, much less constitutional error, because under Mississippi law, self-defense is judged by an objective, reasonable man standard. Hart v. State, 637 So.2d 1329, 1339 (Miss. 1994). Barnett argues that the state trial court erred in refusing to grant requested defense jury instructions D-1, D-10, and D-15, and in overruling his motions for judgment notwithstanding the verdict and for a new trial. Barnett did not raise these issues in the district court. These arguments must also be reviewed for plain error as they are raised for the first

time on appeal.  <u>See</u> <u>Douglass</u>, 79 F.3d at 1429.  There was no plain error.

AFFIRMED.