**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 97-60157
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

HOWARD DAVIS,

                    Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
January 13, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Howard Davis appeals his conviction for conspiracy to offer and pay inducements for Medicare patient referrals, in violation of 18 U.S.C. § 371, and two counts of offering and paying such inducements, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A).  Davis alleges that the district court erred in failing to give the jury certain requested instructions regarding the mental state required to violate the relevant statutes and also in admitting evidence of multiple, unrelated conspiracies.  We affirm.

We review a district court's refusal to give a requested instruction only for an abuse of discretion.  _United States v. Smithson_, 49 F.3d 138, 142 (5th Cir. 1995).  In order to prevail

1

under this standard, Davis must demonstrate that his requested instructions were (1) correct statements of the law, (2) not substantially covered in the charge as a whole, and (3) of such importance that "the failure to instruct the jury on the issue seriously impaired the defendant's ability to present a given defense." *United States v. Upton*, 91 F.3d 677, 683 (5th Cir. 1996), *cert. denied sub nom. Barrick v. United States*, 117 S. Ct. 1818 (1997).

Davis' first requested instruction asserts that the jury may find Davis guilty of conspiracy only if it finds that Davis' cash payments to a certain doctor were "for no other purpose" than "inducing the referral of Medicare patients." This is an erroneous statement of the law and was therefore correctly denied. *See Polk County, Tex. v. Peters*, 800 F.Supp. 1451, 1456 (E.D. Tex. 1992) (holding that as long as "the benefits extended to [the] [d]efendant were, in part, an inducement for him to refer patients to the hospital . . . [t]he Court must . . . find that the Agreement . . . violates [the predecessor to 42 U.S.C. § 1320a-7b(b)(2)(A)]"). Likewise, the district court correctly refused Davis' second requested instruction dealing with the subject of good faith because those concepts were adequately explained through the district court's definitions of the terms "knowingly" and "willfully." *See Upton*, 91 F.3d at 683 (finding the "good faith defense . . . substantially covered by the charge" because the "district court instructed the jury on 'knowingly' and 'willfully'").

Davis argues, however, that the general definitions of those terms will not suffice here, given that 42 U.S.C. § 1320a-7b(b)(2)(A) contains a "heightened scienter requirement." *See Hanlester Network v. Shalala*, 51 F.3d 1390, 1400 (9th Cir. 1995) (construing a similar provision of the Medicare-Medicaid anti-kickback statute as requiring "(1) know[ledge] that § 1128B prohibits offering or paying remuneration to induce referrals, and (2) engag[ing] in prohibited conduct with the specific intent to violate the law."). Without deciding whether the statute does contain such a requirement, however, we note that even the *Hanlester* court requires knowledge only that the conduct in question was unlawful, and not necessarily knowledge of which particular statute makes the conduct unlawful. *See id.* (finding one defendant's conduct "knowing and willful" even under a heightened standard of mens rea because "[h]er actions reflect both knowledge that her conduct was unlawful, and a specific intent to disobey the law."). Viewed in this light, the district court's instructions amply protected Davis' interests by informing the jury that knowingly "means that the act was done voluntarily and intentionally, not because of mistake or accident," and willfully "means that the act was committed voluntarily and purposely with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law." *See United States v. Garcia*, 762 F.2d 1222, 1224 (5th Cir. 1985) (approving substantially the same definition of "willfully" and rejecting the argument that the definition "was incomplete since it

3

did not clearly require that the Defendant have knowledge of the particular law allegedly violated").

Davis also claims that the district court erred by admitting evidence that his alleged co-conspirator, Jerry Dunn, offered not only cash in exchange for Medicare referrals, but also offered referring physicians the use of condominiums in Florida. Davis claims that this additional proof created a material variance between the indictment, which alleged only a single conspiracy, and the proof at trial, which Davis claims showed two different conspiracies—one to pay cash in exchange for referrals and one to grant the use of condominiums in exchange for such referrals. In order to prevail on a material variance claim, Davis would need to demonstrate not only that a variance existed but also that it affected his substantial rights. *See United States v. Morgan*, 117 F.3d 849, 858 (5th Cir.), *cert. denied sub nom. Ryan v. United States*, 118 S. Ct. 454, *and Wright v. United States*, 66 U.S.L.W. 3417 (1997). Because the evidence is sufficient to prove Davis' participation in at least one conspiracy involving cash payments, however, we need not address whether a variance even existed because "we have long held that when the indictment alleges the conspiracy count as a single conspiracy, but the government proves multiple conspiracies and a defendant's involvement in at least one of them, then clearly there is no variance affecting that defendant's substantial rights." *See United States v. Faulkner*, 17 F.3d 745, 762 (5th Cir. 1994) (citations omitted).

AFFIRMED.