**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-30894

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN I. BICKHAM, SR.

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CR-90)

June 28, 2001

Before SMITH, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[1]

John I. Bickham, Sr. ("Bickham") appeals his conviction and sentence for tax evasion alleging five errors. We affirm.

## BACKGROUND

Bickham was majority shareholder in and operated Petroleum Catalyst, Inc. ("PCI"), a Louisiana corporation. PCI paid Bickham a monthly salary plus commissions on sales. Bickham had PCI pay his commissions to another corporation he controlled, Gulf Catalyst

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Investments, Inc. ("GCI"), rather than to Bickham personally.

In 1985, the Louisiana Secretary of State revoked GCI's articles of incorporation and authority to do business for failing to file an annual report. After the revocation, Bickham continued to maintain a bank account in GCI's name. Bickham deposited his PCI commission checks into this account, often wrote checks to "cash" on the account, and used its funds to restore his Rolls-Royce, repair his Porsche, customize his Suburban, repair his boat, purchase stereo equipment, and vacation at a health spa. Bickham accurately characterized GCI as a "paper company." GCI kept no business records, had neither an office nor a telephone number, and never submitted invoices to PCI. Except for Bickham's commission payments, PCI never paid anyone without first receiving an invoice.

Bickham did not report any of his commissions PCI paid to GCI in 1992, 1993, and 1994 as his income on his tax returns for those years. GCI filed no returns. A jury convicted Bickham of willfully attempting to evade taxes for 1992-94. The District Court sentenced him to twenty-seven months' incarceration.

**STANDARD OF REVIEW**

Because Bickham did not object to the District Court's jury instructions at trial, we review the instructions the court gave for plain error. United States v. Lankford, 196 F.3d 563, 575 (5th Cir. 1999), cert denied, 120 S. Ct. 1984 (2000). We review the court's decision not to give instructions that Bickham requested

2

for abuse of discretion.  United States v. Jobe, 101 F.3d 1046, 1059 (5th Cir. 1996).  We review the sufficiency of the indictment de novo.  United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999).  We review the District Court's factual findings at sentencing for clear error and its legal interpretations of the sentencing guidelines de novo.  United States v. Lyckman, 235 F.3d 234, 237 (5th Cir. 2000).  We do not review a claim of ineffective assistance of counsel on direct appeal "unless the district court has first addressed it or unless the record is sufficiently developed to allow [us] to evaluate the claim on its merits." United States v. Villegas-Rodriguez, 171 F.3d 224, 230 (5th Cir. 1999).

**ANALYSIS**

I.    The Jury Instruction the District Court Gave

Bickham argues that the District Court's jury instruction was plainly erroneous.  The elements of tax evasion are willfulness, existence of a tax deficiency, and an affirmative act constituting an attempted evasion of the tax.  United States v. Townsend, 31 F.3d 262, 266 (5th Cir. 1994).  Bickham argues that the instruction the District Court gave failed to advise the jury that it had to find that Bickham committed an affirmative evasive act in order to convict him.

The District Court instructed the jury that to convict Bickham, it had to find beyond a reasonable doubt:

First, that the defendant owed substantially more tax than he

3

reported on his 1992, 1993, and 1994 income tax returns because he intentionally under reported his adjusted gross income;

Second, that when the defendant filed those income tax returns he knew that he owed substantially more taxes to the government than he reported; and

Third, that when Bickham filed his 1992, 1993, and 1994 income tax returns, he did so with the purpose of evading payment of taxes to the government.

The government correctly argues that because the filing of a false return that understates the taxpayer's income is an affirmative act of evasion, see, for example, United States v. Skalicky, 615 F.2d 1117, 1120 (5th Cir. 1980) ("The requisite affirmative act can be found in the filing of false returns for each year in the indictment"), the District Court's instruction sufficiently stated the elements of the offense.

II.  The Jury Instruction the District Court Did Not Give

Bickham contends that the District Court abused its discretion by rejecting two jury instructions he requested.  The first read:

> John Bickham, Sr., has been charged with failing to pay his personal income tax.  GCI, Inc., was a viable business entity. The commissions or consulting fees paid to GCI were taxable income of GCI and not John Bickham, Sr.  If you find that GCI, and not John Bickham, Sr., should have paid taxes on that income, then you should find John Bickham, Sr., not guilty.

Bickham's second requested instruction advised the jury that if it found that GCI "is organized and established for a purpose that is the equivalent of a business activity . . . , the

4

corporation remains a separate taxable entity. As a separate taxable entity, it would be subject to corporate income tax on its income, and that income would not be included in the owner's income." That is, Bickham effectively requested that the District Court instruct the jury to find him not guilty if GCI "is organized and established for a purpose that is the equivalent of a business activity."

We will "not overturn the defendant['s] conviction on the ground that the district court omitted [his] instruction from its jury charge unless 'that instruction is legally correct, represents a theory of defense with basis in the record which would lead to acquittal, and . . . that theory is not effectively presented elsewhere in the charge.'" United States v. Duvall, 846 F.2d 442, 447 (5th Cir. 1987) (citations omitted).

Bickham's first proposed instruction has no basis in the record and is not legally correct. It has no basis in the record because – in Bickham's word's – GCI was a "paper company," not a "viable business entity." The instruction is legally incorrect because the amounts paid to GCI were Bickham's taxable income, not GCI's. The second instruction was improper because nothing suggests that GCI was organized or operated for any legitimate business purpose during the years in question.

III. The Indictment

Bickham argues that the indictment failed to allege all the elements of tax evasion. An indictment under 26 U.S.C. § 7201 must

5

allege the elements of tax evasion described above: willfulness, existence of a tax deficiency, and an affirmative act constituting an attempted evasion of the tax.  United States v. Townsend, 31 F.3d 262, 266 (5th Cir. 1994).  Bickham argues that the indictment alleged only willful non-reporting of income, not an affirmative attempted tax-evasive act.  Bickham also argues that the indictment did not allege a tax deficiency.

We review indictments with "maximum liberality," see United States v. Ramirez, 233 F.3d 318, 323 (5th Cir. 2000).  While the indictment did not use the phrase "tax deficiency," each count of the indictment stated that Bickham "did willfully attempt to evade and defeat a large part of the income tax due and owing by him." Because "an additional tax due and owing" constitutes a tax deficiency, the indictment sufficiently stated that element of the crime of attempted evasion.  See United States v. Schafer, 580 F.2d 774, 777 (5th Cir. 1978).  The indictment also alleges an affirmative act of evasion.  Affirmative acts of evasion include the filing of a false return and, more generally, acts that are likely to mislead or conceal.  See Skalicky, 615 F.2d at 1120; Spies v. United States, 317 U.S. 492, 499 (1943).  Since the indictment alleged that Bickham willfully attempted to evade income tax "by filing and causing to be filed . . . a false and fraudulent U.S. Individual Income Tax Return," the indictment sufficiently alleged the required evasive act.

IV.  Sophisticated Concealment

Bickham argues that the District Court erroneously enhanced his sentence on account of his sophisticated concealment of his crime. U.S.S.G. § 2T1.1(b)(2) instructs courts to increase an offender's base offense level by two levels if the offense involved sophisticated concealment. The commentary to the Guidelines, which is authoritative, identifies "hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore bank accounts" as examples of sophisticated concealment. See United States v. Stinson, 508 U.S. 36, 38 (1993).

Since Bickham hid assets and transactions through the use of a corporate shell, GCI, the District Court did not err in enhancing his sentence.

V.    Ineffective Assistance of Counsel

Bickham argues that his counsel was unconstitutionally ineffective at sentencing. We do not review an ineffective assistance claim on appeal "unless the district court has first addressed it or unless the record is sufficiently developed to allow [the Court] to evaluate the claim on its merits." United States v. Villegas-Rodriguez, 171 F.3d 224, 230 (5th Cir. 1999). Bickham did not raise in the district court the ineffective assistance at sentencing claim. Bickham, however, did before sentencing file an affidavit complaining of counsel's representation at trial. The District Court conducted a colloquy with Bickham at a short hearing sometime before his sentencing concerning the quality of his trial representation. After hearing

7

Bickham's account of his counsel, the District Court concluded that Bickham had received "very competent representation."  The court then granted Bickham's counsel extra time to prepare objections to the Pre-Sentence Report and postponed his sentencing by a month. Id.  At sentencing, Bickham did not again raise the issue of ineffective assistance of counsel.

While the District Court knew of Bickham's dissatisfaction with his counsel's performance at trial, the court did not address Bickham's claim that his counsel was ineffective at sentencing. Accordingly, we decline to consider this claim on this direct appeal.

AFFIRMED.