**UNITED STATES of America,**
**Appellee,**

v.

**Michael V. KUNTZ, Defendant-Appellant.**

**No. 89, Docket 25259.**

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1958.
Decided Oct. 22, 1958.

David H. Isacson, New York City, for defendant-appellant.

Elliott S. Greenspan, Asst. U. S. Atty., E.D.N.Y., Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, Chief Judge, and MEDINA and LUMBARD, Circuit Judges.

CLARK, Chief Judge.

In this prosecution for attempted evasion of the income tax by the filing of false returns for the years 1952–1954, the jury returned a verdict of guilty, but recommended clemency. Thereafter Judge Byers imposed a fine upon defendant of $150 and sentenced him to six months' imprisonment, but then suspended the sentence and put him on probation for a year. The prosecution involves the failure of defendant, a waiter, to make proper return of gratuities received by him in the years in question.

Since 1946 defendant has been employed by the Hotel Statler in New York City as a banquet waiter. During the prosecution years his income consisted of a salary paid by the hotel and his share of a 15 per cent gratuity charge which the hotel added to the bills of banquet patrons and distributed through the headwaiters to the banquet waiters. Defendant here vigorously urges that only his employer, the Hotel Statler, is liable

for taxes on the gratuity income, since it should have withheld the tax upon it. Nevertheless the trial judge was correct in holding that this case does not involve the withholding sections of the revenue code at all. There is not the slightest evidence that defendant's employer paid the tax due on these gratuities or withheld the amount of the tax from the sums distributed to defendant. In such case the law is clear that, while the Government may pursue the employer for the full amount he should have withheld,[1] the employee must report his entire income, whether subject to withholding tax or not, I.R.C.1954, § 1462, 26 U.S.C. § 1462; I.R.C.1939, § 143(d), 26 U.S.C. § 143(d), and may claim a credit against the tax due on this sum only in the amount that the employer actually withheld, I.R.C.1954, § 31(a)(1), 26 U.S.C. § 31(a) (1); I.R.C.1939, § 35, 26 U.S.C. § 35.

This is really the major issue on the appeal, and the state of the law shows that the conviction was thoroughly justified. But it should be added that Kuntz seems to have been quite aware of his tax liability on these gratuity receipts, for each year he duly reported as taxable income a small fraction of them.

■ Only one other question here raised merits discussion. While charging the jury, Judge Byers erred slightly in his recollection of the evidence. Defendant had testified that he had computed his income from taxable gratuities by taking a rough 10–15 per cent of his salary each year—a practice fellow employees informed him they were following. In his charge the judge, noting that this method would not necessarily lead to the sums defendant reported in the years in question, compared the figures reported as gratuity income with 10 and 15 per cent of defendant's actual gratuity income, rather than his salary. While this was factually incorrect, it cannot have prejudiced defendant, for the discrepancy actually existed to the same degree under either view. Moreover, the judge's response to counsel's claim of error in effect admitted the possibility of a mistake in his figures.

On the facts of this case the court's charge on willfulness adequately covered defendant's requested charge that mere understatement of income in a tax return is only a misdemeanor, not a felony. And the erroneous reference in the indictment to *joint* returns filed by the defendant in the years in question does not constitute a fatal variance. Berger v. United States, 295 U.S. 78, 55 S. Ct. 629, 79 L.Ed. 1314.

Conviction affirmed.

1. I.R.C.1954, § 3403, 26 U.S.C. § 3403; Treas.Reg. § 31.3403–1; I.R.C.1939, § 1623, 26 U.S.C. § 1623; Treas.Reg. § 406.401(c).