**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Cecil STEMBRIDGE and Jessie Lee Stembridge, Defendants-Appellants.**

No. 72–2042.

United States Court of Appeals, Fifth Circuit.

April 13, 1973.

Charles Yarborough, Ft. Worth, Tex. (Court appointed), Sharon Gabert, Ft. Worth, Tex., Bertrand C. Moser, Houston, Tex. (Court appointed for Cecil Stembridge), for defendants-appellants.

Frank D. McCown, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and ESTES, District Judge.

ESTES, District Judge:

Appellants, Cecil Stembridge and Jessie Lee Stembridge, his wife, were each convicted of (1) conspiring, in violation of 18 U.S.C. § 371, with one Gerald Loveless to rob a federally insured bank, in violation of 18 U.S.C. § 2113(a) and (2) aiding and abetting Loveless in the robbery of the bank, in violation of 18 U.S.C. §§ 2 and 2113(a). Cecil was sentenced to imprisonment for five years on Count 1 and 20 years on Count 2; Jessie was sentenced to imprisonment for five years on Count 1 and 10 years on Count 2. The sentences were concurrent for both defendants. We affirm.

On December 2, 1971, the Security State Bank of River Oaks, Texas, a federally insured bank, was robbed of approximately $9,250 by Loveless, who drove up to a drive-in teller's window and placed in the teller's drawer a bag containing a fake bomb and a note which read, "There is a bomb in this bag that I can set off by remote control. Give me all the money in one minute or I'll blow this whole booth up."

At the trial, Loveless, who pleaded guilty, testified that Jessie had printed the robbery note. Appellants' main contention in this appeal concerns the testimony of the government's handwriting expert, James Lile. Lile testified that by comparing the robbery note to handwriting exemplars produced by Jessie and a job application form signed "Jessie Lee Stembridge," he was able to determine that the same person had prepared the hand-printing on all three exhibits. During a rigorous cross-examination, the defense counsel obtained Lile's admission that when comparing the robbery note with the exemplars of Jessie's writing alone, he was not able to say that the same person printed both. The prosecutor then asked the expert to explain why he could not do so. He answered, "The writings on those nine pages [the exemplars] bear many of the classical characteristics which I have been trained to recognize as attempts of the writer to intentionally disguise or distort normal writing."

Although recognizing that handwriting/printing exemplars have been held to be identifying physical characteristics outside the protection of the

Fifth Amendment privilege against self-incrimination, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), Jessie contends that her exemplars were improperly used as testimonial evidence. She asserts that the testimony that her exemplars were disguised implies a consciousness of guilt and that implied admission violates her privilege against self-incrimination.

A similar contention was presented to the Second Circuit, in United States v. Izzi, 427 F.2d 293 (2 Cir. 1970), which concluded that the contention was unsupported by the record and, therefore, did not decide the issue. The instant case could also be considered one in which the record does not support the contention, because the record clearly shows that the prosecution obtained the expert's opinion that the exemplars were disguised not as an implied admission of guilt by Jessie but rather as an explanation of his difficulties in analyzing the handwriting in order to substantiate his analysis after a rigorous cross-examination challenging its validity.

Be that as it may. Prior rulings of this Circuit in comparable situations lead us to reject appellant's contention.

Although identifying physical characteristics are outside the protection of the Fifth Amendment, *Gilbert, supra; Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), certain characteristics, such as voice and handwriting exemplars, require the physical cooperation of the accused in order to obtain valid samples. The accused has not been permitted to frustrate the prosecution's right to this evidence by simply refusing to give the required exemplars.

In Higgins v. Wainwright, 424 F.2d 177 (5 Cir. 1970), this court held that no constitutional right of an accused was violated by the introduction of evidence that he had refused to speak for identification purposes during a line-up.

Also, in United States v. Nix, 465 F.2d 90 (5 Cir. 1972), this court held that it was not improper for the prosecutor in his closing arguments to the jury to comment upon the accused's refusal to provide a handwriting exemplar as directed by the court and, further, that it was not improper for the court to charge the jury that if it found beyond a reasonable doubt that the accused had failed to provide an exemplar as ordered by the court, it might infer that a comparison of such samples with a questioned signature would have been unfavorable to the defendant and favorable to the prosecution. The Second Circuit has likewise stated that the prosecution "can rely before the grand jury and, if an indictment is returned, at trial, on the strong inference to be drawn" from the refusal of an accused to furnish handwriting exemplars. United States v. Doe, 405 F.2d 436, 438 (2 Cir. 1968).

■ An attempt to disguise the handwriting in an exemplar is, in effect, a refusal to provide an exemplar, for if an accused were free to disguise his writing, without any sanctions, exemplars would be worthless. Hence it is not improper for the prosecution to show that the defendant attempted to avoid providing a valid handwriting sample by intentionally distorting his handwriting.

■■ Another contention in this appeal is that the job application form could not be used for comparison because there was no proof that Jessie had filled out the form. When she took the stand in her own behalf, Jessie admitted that she had signed the form, but when asked if she had filled it out, she equivocated, "I don't know if I did or not." However, Lile testified that the printing on the application form and the handwriting exemplar were produced by the same person. His testimony is sufficient evidence to establish that Jessie produced the printing on the application form. Indeed, in the proposed Federal Rules of Evidence,* such proof is ex-

---

* Rule 901(a) and (b)(3), Rules of Evidence for the United States Courts and Magistrates (approved Nov. 20, 1972, and trans- · mitted to Congress), [56 F.R.D. 183, 331–332] (1972).

pressly stated to be an "illustration" of "evidence sufficient to support a finding that the matter in question is what its proponent claims." Since there was no objection at the trial to the use of the form, appellant recognizes that, to be sustained in this court, any error would have to be plain error. If there was any error in using the application form, it does not amount to plain error.

We have considered the remaining contentions of the appellants and have found them without merit.

The judgment of the district court is Affirmed.