UNITED STATES of America,
Plaintiff-Appellee,

v.

John Joseph MADERA,
Defendant-Appellant.

No. 77–5799
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 14, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

N. Richard Schopp (Court-appointed), Port Saint Lucie, Fla., for defendant-appellant.

Jack V. Eskenazi, U.S. Atty., Karen L. Atkinson, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

PER CURIAM:

John Joseph Madera appeals from a judgment entered on a jury conviction for knowingly and intentionally transporting in interstate commerce a stolen motor vehicle, in violation of Title 18, United States Code, Section 2312. Madera contends that the district court committed reversible error by allowing the government to introduce into evidence certain telephone directories, over defense objection. We affirm.

Viewed in the light most favorable to the government, see Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the evidence at trial was abundantly sufficient to support the jury's conviction of Madera, and we need not recount all the evidence here. The evidence showed that Madera transported a stolen 1973 Oldsmobile across state lines, between Illinois and Florida. The principal issue before the jury was whether Madera knew, at the time of the interstate transportation, that the automobile was stolen, which is an element of the crime. 18 U.S.C.A. § 2312. See, e. g.,

United States v. Chatham, 568 F.2d 445 (5th Cir. 1978); Blum v. United States, 348 F.2d 141 (5th Cir. 1965).

The government introduced significant evidence that Madera knew the vehicle was stolen at the time he transported it from Illinois to Florida. Madera contends that some of this evidence, three telephone directories, was irrelevant, inadmissible, and so harmful as to require reversal. We hold that the telephone directories were admissible.

Madera told the Federal Bureau of Investigation agent who arrested him that he had bought the automobile from an individual by the name Bill Holt, of Bill Holt's Body Shop, in the vicinity of 56th Street and Western Avenue in Chicago, Illinois. Previously, during the FBI investigation, he told another agent that he had purchased the car from Bill Holt's Body Shop located in Hickory Hills, a suburb of Chicago. An FBI agent testified that he attempted to verify Madera's story. The agent drove through the general area around 56th Street and Western Avenue and was unable to locate such an establishment. The agent also testified that he checked the crisscross directory for Chicago for the years 1973 through 1977 and the Illinois telephone directory, but there was no listing for Bill Holt's Body Shop. The agent testified that there was no listing either in the white pages or in the yellow pages for Bill or William—Holt's, Holdt's or Hult's Body Shop. Several versions of the name were checked because Madera had not known the correct spelling. While he did not actually go to the Hickory Hills area, the agent testified that he did check phone directories for that area, in the same manner, without success. The defense did not object to any of this testimony. Three of the actual telephone directories which the agent checked were admitted into evidence, over defense objection.

Madera challenges the admission of the three telephone books: (1) an Illinois Bell Telephone Book; (2) the white pages of the Chicago telephone directory for 1976; (3) the yellow pages of the Chicago telephone

directory for 1976. The defense half-heartedly objected to the relevancy of whether or not Holt had a phone.[1] In closing argument, the prosecutor argued that the agent's testimony regarding his unsuccessful efforts to verify Madera's story and the telephone directories themselves suggested Bill Holt's Body Shop did not have a listed phone in 1976. From this fact, the prosecutor suggested that Madera's story was false and urged the jury to conclude, from this and other evidence, that Madera knew the automobile was stolen. Defense counsel, in closing argument, attempted to refute the government's contentions by suggesting that simply because a business was not listed in the telephone directories did not necessarily prove that it did not exist.

■ The evidentiary principles which we must apply are clear. Evidence need not be conclusive of a material issue in order to be admitted. Fed.R.Evid. 401 defines relevant evidence as any evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See, e. g., United States v. Ashley*, 555 F.2d 462 (5th Cir. 1977); *United States v. Carter*, 173 U.S.App.D.C. 54, 522 F.2d 666 (1975). Generally, all relevant evidence is admissible, under Fed.R.Evid. 402, unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentations of cumulative evidence." Fed.R.Evid. 403. Under the Federal Rules of Evidence, the trial judge has broad discretion to admit evidence, and the exercise of that discretion will not be reversed unless a clear abuse of discretion is shown. *See, e. g., United States v. Grimm*, 568 F.2d 1136 (5th Cir. 1978); *United States v. Bibbs*, 564 F.2d 1165 (5th Cir. 1977).

■ The application of these principles to these facts is equally clear. The telephone directories certainly did not conclusively establish the nonexistence of the body shop. However, as we have observed, Madera's guilty knowledge was the key issue before the jury. Proving that his conflicting explanations during the investigation and at his arrest were both false was certainly of consequence. The telephone directories made the nonexistence of the body shop somewhat more probable than if they had not been admitted and were, therefore, admissible. It is clear that telephone directories were not so prejudicial that they should have been excluded. Fed.R.Evid. 403.[2] Madera has not shown an abuse of the

---

1. The following excerpt is from the FBI agent's direct testimony:

    Q. Did you attempt to locate Bill Holt's Body Shop in Hickory Hills?

    A. No, ma'am. That is a suburb out of Chicago and it is covered by another office.

    Q. Did you bring with you a phone book of that area?

    A. Yes, I did.

    Q. Handing you what has been marked Government's Exhibit No. 4 for identification, being an Illinois Bell Telephone Book, do you recognize that?

    A. Yes, it is the book I brought with me.

    Q. Did you have occasion to look in there for Bill Holt Body Shop?

    A. Yes, I did.

    Q. What spellings did you look under?

    A. I asked Mr. Madera what the spelling was and he could not give it to me, so I looked under Bill or William Holt—H–O–L–T, and also H–O–L–D–T and H–U–L–T.

    Q. Did you have any success in locating William Holt's Body Shop, or Bill Holt's Body Shop?

    A. No.

    MS. ATKINSON: The Government offers Government Exhibit No. 4 in evidence.

    THE COURT: Any objection?

    MR. SCHOPP: I fail to see the relevancy of whether or not Mr. Hold [sic] might have a telephone. Otherwise I don't have any objection.

    THE COURT: Well, in order for me to make a ruling, you must either object or—

    MR. SCHOPP: Then I will object.

    THE COURT: I will overrule it. Received. Defense counsel made the same objection to the entry of the other two directories, and the district court made the same ruling.

2. Somewhat analogous is the government's alternate contention, which we need not reach, that any error in admitting the directories cannot be considered harmful, given the great weight of the other evidence. *Glasser v. United States, supra. See* Fed.R.Crim.P. 52(a); Fed.R.Evid. 103(a)(1); *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

district court's discretion. The directories only established that there was no such listing, a fact already established by the agent's testimony. It is common knowledge that not all businesses and individuals have listed telephones. Defense counsel recognized this when objecting to the directories and in closing argument, as did the prosecutor, during closing argument.

The prosecution and the defense seem to have overlooked two aspects of this issue. First, the FBI agent testified that he had checked the actual directories which were admitted and others. This testimonial evidence concerning the lack of any listing for the body shop was already before the jury, without any objection. Therefore, the testimony itself could have served as a basis for the same inference suggested by the directories. In this sense, the directories may be considered merely cumulative, though corroborative, of the agent's account of his efforts to verify Madera's story. Second, rather than prejudicing the defense, the directories were, in one sense, *better* evidence than the agent's testimony.[3] The jurors could check the directories for themselves under the various spellings suggested by the agent and any other spellings that occurred to them. Impeachment, at least potentially, was made easier, as well.

Madera did not challenge the agent's testimony at trial or on appeal concerning his efforts to verify Madera's story. We fail to see any error in admitting the telephone directories which were part of the investigation and relevant to an issue before the jury.

AFFIRMED.

---

**3.** The familiar rule requiring the production of the original document to prove its contents does not apply to testimony that books or records have been examined and found not to contain any reference to a designated matter. Fed.R.Evid. 1002. Though the directories may not have been the best evidence in the evidentiary sense, which would *require* their admission, they were as good, if not better, evidence as the agent's testimony, which *allows* their admission. We cannot require that they not be admitted merely because they were not required to be admitted.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.