**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 91-8547
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

SUE N. ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____
(September 24, 1992)

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Sue Robinson appeals her conviction on two counts of tax evasion. She also challenges her sentence on the ground that the trial judge improperly enhanced her sentence based on her Korean national origin. We affirm.

I.

Sue Robinson operated a massage parlor in Austin, Texas, from 1980 to 1986. During 1984 and 1985, Robinson deposited some of the business's cash receipts into her personal bank accounts. As a result, her 1984 and 1985 income tax returns, which her accountant prepared from Robinson's records, substantially underreported her business income. Neither Robinson nor her husband signed the Form 1040 she filed in 1984. Robinson and her accountant signed the

1985 return, but her husband did not. In 1986, Robinson gave false 1099 Forms to two of her employees, who used those forms to file false tax returns.

The government charged Robinson with willfully attempting to evade income tax for 1984, in violation of 26 U.S.C. § 7201 ("Count I"); filing a false 1985 income tax return, in violation of 26 U.S.C. § 7206(1) ("Count II"); and two counts of aiding and assisting in the preparation of a false income tax return in violation of 26 U.S.C. § 7206(2) ("Counts III and IV"). After a full trial, the jury convicted Robinson on all four counts. The court denied Robinson's motion for acquittal on Counts I and II and sentenced her to a total of eight years of imprisonment, five years probation, and a $25,000 fine.

Robinson challenges her conviction on Counts I and II on the ground that the government failed to prove the allegations in the indictment and that a material variance exists between the indictment and the proof at trial. According to Robinson, Count I of the indictment is flawed because it describes her unsigned 1984 Form 1040 as a "return." Likewise, Robinson challenges Count II because it refers to her 1985 Form 1040, which her husband did not sign, as a "joint" return. Robinson also contends that the judge gave her an enhanced sentence because she is Korean-American. We consider each of these arguments below.

II.

A.

Count I of the indictment charges that Sue Robinson "did willfully attempt to evade and defeat a large part of the income

2

tax due and owing by her and her spouse . . . for the calendar year 1984, . . . by causing to be filed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040 . . . ."  Robinson argues that, because neither she nor her husband signed the 1984 form, it is not a "return" and, therefore, the government failed to prove its case.

The elements of the crime of tax evasion under 26 U.S.C. § 7201[1] are (1) willfulness, (2) a tax deficiency, and (3) an affirmative act of evasion or attempted evasion of the tax. **Sansone v. United States**, 380 U.S. 343, 351 (1965).  The "affirmative act" of evasion can be "any conduct, the likely effect of which would be to mislead or to conceal." **Spies v. United States**, 317 U.S. 492, 499 (1943).  That conduct may, but need not, include filing a false tax return.  Filing unsigned "false documents which purport[] to be income tax returns" may also constitute an attempt to evade taxation. **Gariepy v. United States**, 220 F.2d 252, 259 (6th Cir.), **cert. denied**, 350 U.S. 825 (1955). **See also Moore v. United States**, 254 F.2d 213 (5th Cir.) (holding that an unsigned tax return form was sufficient evidence to support a conviction for tax evasion), **cert. denied**, 357 U.S. 926 (1958); **Montgomery v. United States**, 203 F.2d 887 (5th Cir. 1953) (same).[2]

---

[1]  Section 7201 provides, in relevant part:
Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 . . . or imprisoned not more than 5 years, or both, together with the costs of prosecution.

[2]  Robinson suggests that **Gariepy**, **Moore**, and **Montgomery** are inapplicable because, she argues, tax returns did not have to be

3

The filing of a "return" is not an element of the crime of tax evasion:  "'[t]he real character of the offense lies, not in the failure to file a return, or in the filing of a false return, but rather in the attempt to defraud the government by evading the tax.'"  **Gariepy**, 220 F.2d at 259 (quoting **Emmich v. United States**, 298 F. 5, 9 (6th Cir.), **cert. denied**, 266 U.S. 608 (1924)).

Robinson argues that the government did not prove its case, because it failed to prove the allegations in the indictment describing her unsigned 1984 Form 1040 as a "return."  We disagree.  We have held that when an indictment alleges non-essential facts, the government need not prove them in order to sustain a conviction:  "the Government need not prove all facts charged in the indictment as long as it proves other facts charged in the indictment which do satisfy the essential elements of the crime."  **United States v. England**, 480 F.2d 1266, 1269 (5th Cir.), **cert. denied**, 414 U.S. 1041 (1973).  **See also United States v. Hughes**, 766 F.2d 875, 879 (5th Cir. 1985).  In this case, because the filing of a return is not an element of the crime of tax evasion, the charge in the indictment that Robinson filed a false "return" is mere surplusage.  The government did not have to prove that the false Form 1040 was a "return" in order to show an affirmative act

---

verified by signature until 1954.  Robinson's premise is false. Under earlier tax laws, taxpayers were required to sign their returns under oath.  The verification requirement (currently 26 U.S.C. § 6065) was introduced in 1942 to replace the cumbersome process of signing returns under oath before a notary public. Revenue Act of 1942, Pub. L. No. 77-753, sec. 136(a), § 51(a), 56 Stat. 798, 836.  The purpose of verification, therefore, was not to impose additional burdens on taxpayers, but instead to simplify the filing process.  S. Rep. No. 685, 81st Cong., 1st Sess., pt. II, § 4 (1949), **reprinted in** 1949 U.S.C.C.A.N. 1876, 1878-79.

of evasion.[3]

Moreover, we find no support for Robinson's claim that the variance between the allegations in the indictment and the proof was a material variance.  A variance is material if it prejudices the defendant's "substantial rights," either by surprising the defendant at trial or by placing the defendant at risk of double jeopardy.  **Berger v. United States**, 295 U.S. 78, 82 (1935); **United States v. Richerson**, 833 F.2d 1147, 1155 (5th Cir. 1987).  In contrast, a variance is immaterial if it does not "impair the defendant's ability to defend himself through failing to identify the nature of the charge."  **United States v. Eaton**, 501 F.2d 77, 79 (5th Cir. 1974).  **See also United States v. Arlt**, 567 F.2d 1295, 1298 (5th Cir.) (no prejudice, and thus no material variance, when an indictment alleged that defendant made false statements on a W-4 form, but defendant actually used a different form), **cert. denied**, 436 U.S. 911 (1978).

Robinson does not suggest how she was surprised or prejudiced by the evidence of her unsigned return.  According to a government agent's testimony, she acknowledged that she filed the unsigned 1984 Form 1040.  In sum, Robinson had notice of the charges against her and of the particular evidence that supported those charges.  She was tried for the crime specified in the indictment and thus is at no risk of double jeopardy.  **See United States v. Bursten**, 453 F.2d 605, 607-08 (5th Cir. 1971), **cert. denied**, 409 U.S. 843

---

[3] Robinson cites several cases from various tax contexts that hold that an unsigned Form 1040 is not a "return."  Because the filing of a "return" is not an element of the crime, we need not address that issue.

5

(1972).  We conclude that the variance was immaterial.

B.

Robinson also contends that the government's proof failed to establish her guilt of Count II of the indictment.  Count II charges her with violating 26 U.S.C. § 7206(1) by willfully subscribing "a joint U.S. Individual Income Tax Return, Form 1040, for the calendar year 1985, which . . . she did not believe to be true and correct as to every material matter."  Although Robinson signed the 1985 Form 1040, which purported to be a joint return, her husband did not.  Robinson argues that because her husband did not sign the return, it is not a "joint" return and, therefore, the government failed to prove the allegations in the indictment.

To sustain a conviction under § 7206(1),[4] the government must prove that a defendant (1) made and subscribed a return, statement, or other document under penalty of perjury; (2) knew that the document was not true and correct as to a material matter; and (3) acted willfully.  **United States v. Bishop**, 412 U.S. 346, 347 (1973); **Hoover v. United States**, 358 F.2d 87, 88 (5th Cir.), **cert. denied**, 385 U.S. 822 (1966).  It is not an element of the crime that the subscribed document be a "joint" return.

---

[4]  Section 7206 provides, in part:
      Any person who--
         (1) Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . .
      . . . .
      shall be guilty of a felony and, upon conviction thereof,     shall be fined not more than $100,000 . . . or imprisoned not more than three years, or both, together with the costs of prosecution.

6

Robinson's 1985 tax return may well qualify as a "joint" return.[5]  If so, there is no variance.  But we need not decide how to characterize the return, because the variance, if any, is not a material one.  Robinson did sign the 1985 return at issue in Count II.  That return was marked "married filing jointly" and included her husband's name, social security number, income, and W-2 form.  The indictment's description of the Form 1040 as a "joint" return did not prejudice or surprise Robinson in any way.  The Second Circuit reached the same result in **United States v. Kuntz**, 259 F.2d 871, 872 (2d Cir. 1958):  "the erroneous reference in the indictment to **joint** returns filed by the defendant in the years in question does not constitute a fatal variance."  Thus, we conclude that any variance between Count II of the indictment and the proof at trial was immaterial.

### III.

Robinson also challenges the sentence the trial court imposed in this pre-Guidelines case.  Robinson contends that the trial judge gave her an enhanced sentence based on her Korean national origin, in violation of her Fifth Amendment rights.  To support this claim, Robinson points to the following excerpts from the judge's remarks during the sentencing proceedings:

> I'm also in sentencing considering all of the information which has been brought to the attention of the court at this hearing this morning.  And although I

---

[5]  A return signed by only one spouse nevertheless qualifies as a joint return if the parties intended to file jointly.  **Estate of Upshaw v. Commissioner**, 416 F.2d 737, 742-43 (7th Cir. 1969), **cert. denied**, 397 U.S. 962 (1970);  **Shea v. Commissioner**, 780 F.2d 561, 567 (6th Cir. 1986);  **Carrick v. Commissioner**, No. 15288-87, 62 T.C.M. (CCH) 938, 1991 WL 194057, at *4 (T.C. Oct. 2, 1991).

cannot personally say that I have suffered through the same experiences that she has in life--tell her that--I can assume that someone who comes from a background like she has come from, background of poverty and some deprivation, would appreciate the freedoms and liberties that we have in this country more than I would having been born here and having grown up accepting those liberties and freedoms.

And that someone who comes from the background of a citizen of Korea and the governmental history of that country would certainly know and appreciate that freedom and liberty is not free, that it costs the citizens something.

And it's the court's view that no one in this country has or should have a free ride, that is, to benefit by the freedoms and liberties we have and not pay for them to some extent.

After reviewing the context of those remarks, we cannot agree that the judge sentenced Robinson more severely based on her nationality. Robinson's attorney initially brought Robinson's national origin to the court's attention by asking the judge to consider her Korean background as a mitigating factor.[6] As his

---

[6] Before the court sentenced Robinson, her attorney stated:
The thing is is that this woman, who was orphaned on the streets in Seoul as a child, grew up in the street. And she was brought to this country by a G.I. She was brought here literally out of the rice field.
And this overwhelming wealth here is something that perhaps can be numbing and awe inspiring for someone who had to make and do as they could just to eat.
When she grew up, it was just after the Korean war, and Korea was filled with nothing but chaos and worse. I would ask that Your Honor take those considerations into his sentence.
. . .
And I'm suggesting to you that, No. 1, when you grow up in a country that doesn't even have an individual income tax or tradition of income tax, as Korea is, and you're brought to this country poor, and you see that you can make money-- and she did make a lot of money--that perhaps there's some mitigating factors there in this thing in that she didn't have the opportunity to be inculcated as we were with anything other than having no parents and the street as her guide.

8

remarks make clear, the trial judge responded to that request and refused to give her more lenient treatment on the basis of her nationality. The record belies Robinson's argument that the judge "enhanced" her sentence for that reason.

AFFIRMED.