**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-40700
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK SMOOTE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-186-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Derrick Smoote appeals his jury conviction for possession of a prohibited object, marijuana, by a federal inmate in violation of 18 U.S.C. § 1791(a)(2). Smoote argues that the evidence at trial was insufficient to support the jury's verdict because there was a material variance between the date charged in the indictment (on or about January 23, 2002) and the date that the offense actually occurred (October 15, 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the two dates to be reasonably near each other. See United States v. Grapp, 653 F.2d 189, 195 (5th Cir. 1981); Russell v. United States, 429 F.2d 237, 238 (5th Cir. 1970) (explaining that proof that an offense occurred on a date before the return of the indictment and within the statute of limitations is sufficient to support a conviction); United States v. Bowman, 783 F.2d 1192, 1197 (5th Cir. 1986). In any event, Smoote cannot establish that his substantial rights were affected by this variance. See United States v. Robinson, 974 F.2d 575, 578 (5th Cir. 1992). Any confusion regarding the date does not alter the fact that Smoote possessed marijuana while being a federal inmate. Therefore, this Court AFFIRMS the judgment of the district court.

AFFIRMED.