# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-40029
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 22, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARWAN M. ABUHASAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-530-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

At a border checkpoint, Marwan M. Abuhasan, a citizen of Jordan, was found with nearly 400 kilograms of marijuana in the trailer of his truck. He was convicted by a jury of possessing with intent to distribute more than 100 kilograms of marijuana and falsely representing that he was a citizen of the United States. He challenges his convictions, arguing that the evidence was insufficient to establish that he knew the marijuana was in the trailer and that he misrepresented his citizenship. He also argues that there was a fatal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

variance between the indictment and the Government's proof on the false-representation-of-citizenship count.

Because Abuhasan properly preserved his sufficiency-of-the-evidence argument by moving for a judgment of acquittal at the close of the Government's case and at the close of all the evidence, our review is de novo. *See United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007). We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the Government established all of the elements of the offense beyond a reasonable doubt. *United States v. Mendoza,* 226 F.3d 340, 343 (5th Cir. 2000). The evidence, both direct and circumstantial, is viewed in the light most favorable to the jury's verdict. *United States v. Resio-Trejo*, 45 F.3d 907, 910 (5th Cir. 1995). The jury may choose any reasonable construction of the evidence, and we accept the credibility decisions that support the verdict. *United States v. Mata*, 491 F.3d 237, 242 (5th Cir. 2007). However, we will reverse if the evidence equally or nearly equally provides circumstantial support theories of innocence and guilt. *United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).

Abuhasan attacks the credibility of the Government's witnesses, faulting them for failing to record interviews with Abuhasan and to obtain a written statement from him. However, the jury was responsible for determining the weight of the evidence and the credibility of the witnesses and was entitled to credit the testimony of the Government's witnesses over Abuhasan's own testimony. *See United States v. Casilla*, 20 F.3d 600, 602 (5th Cir. 1994).

Border Patrol agents and Immigration and Customs Enforcement agents testified that Abuhasan changed his story regarding the loading of the trailer and whether he or the workers at the loading dock sealed the trailer. Inconsistent statements to law enforcement officials constitute evidence of guilt. *United States v. Cano-Guel*, 167 F.3d 900, 905 (5th Cir. 1999). Moreover, other circumstantial evidence supported the drug conviction. Video confirmed that no marijuana was loaded into the trailer with the legitimate cargo and Abuhasan

had control of the trailer from the time it left the loading dock until the marijuana was found, making it less likely that a third party secreted the drugs in the trailer. A package of seals nearly identical to the seal given to Abuhasan by the warehouse employees was found in the truck and one of those seals was missing, which could create an inference that the seals were intended for use in drug smuggling. Abuhasan became nervous when agents questioned him about names stored in his mobile phones, and Abuhasan's log books contained false entries. The amount—nearly 400 kilograms—and value—$701,000—of the marijuana also supports the conclusion that Abuhasan knew the marijuana was in the trailer because the jury could reasonably have inferred that he would not have been entrusted with such extremely valuable cargo without his knowledge. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003). Abuhasan points to other evidence that he says could support a conclusion that a third party secreted the marijuana in the trailer unbeknownst to him, but for a jury to convict, the evidence does not have to rule out every possible theory of innocence or be incompatible with every conclusion other than guilt. *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996). The jury was free to reject Abuhasan's theory. Moreover, the Border Patrol agent's testimony that Abuhasan falsely represented his citizenship, credited by the jury, was sufficient to support the conviction for misrepresenting himself as a U.S. citizen.

As for the variance claim, the indictment alleges that Abuhasan falsely represented that he was a U.S. citizen at the Falfurrias, Texas, checkpoint, but the proof at trial showed that he made the statement at the checkpoint in Sarita, Texas. Abuhasan did not preserve the error in the district court because he did not object; thus, we review for plain error. *See United States v. Ratner*, 502 F.2d 1300, 1302-03 (5th Cir. 1974). Abuhasan, though, cannot succeed because the place where he made the false statement was extraneous to the offense; thus, there was no error, plain or otherwise. To secure a conviction, the Government is not required to prove irrelevant or nonessential facts recited in the indictment

No. 10-40029

as long as it proves other facts that are charged and that satisfy the essential elements of the crime. *United States v. Robinson,* 974 F.2d 575, 578 (5th Cir. 1992). Here, the place where Abuhasan made his false statement is not an element of the crime. *See* 18 U.S.C. § 911; *United States v. Harrell,* 894 F.2d 120, 126 & n.2 (5th Cir. 1990). It was sufficient that the Government prove, as it did, that Abuhasan falsely declared that he was a U.S. citizen to the Border Patrol agent.

The judgment of the district court is AFFIRMED.